UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IRON WORKERS OF TENNESSEE VALLEY AND VICINITY WELFARE FUND, IRON WORKERS OF TENNESSEE VALLEY AND VICINITY PENSION FUND, and IRON WORKERS OF TENNESSEE VALLEY AND VICINITY ANNUITY FUND, )))))))))) | ) ) Civil Action No. _____ |
| Plaintiffs, ) | |
| v. )))) | |
| TOMLIN CONTRUCTION COMPANY, INC., ) | |
| Defendant. )) | |

## COMPLAINT

Iron Workers of Tennessee Valley And Vicinity Pension Fund, Iron Workers of Tennessee Valley And Vicinity Welfare Fund, and Iron Workers of Tennessee Valley And Vicinity Annuity Fund (Plaintiffs) complaining of Tomlin Construction (Defendant), allege as follows:

1) This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq., as amended by the Multiemployer Pension Plan Amendments Act of 1980, in particular 29 U.S.C. § 1145 (Section 515 of ERISA), and is a civil action to recover employer contributions owed to the Plaintiffs. Jurisdiction is premised upon 29 U.S.C. § 1132(e)(1) and (f).

2) Venue is based on 29 U.S.C. § 1132(e)(2) as Plaintiffs are an employee welfare benefit plan as that term is defined in ERISA at 29 U.S.C. 1002(1), and employer pension benefit

plans as that term is defined in ERISA at 29 U.S.C. 1002(2)(A) and the Plaintiffs are administered in this judicial district through Southern Benefit Administrators, Inc. of Goodlettsville, Tennessee.

3) Plaintiffs are primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing medical, surgical or hospital care benefits, or retirement incomes and deferral of income extending to the termination of covered employment after paying administrative and other reasonable expenses of the Plaintiffs.

4) Defendant is a business corporation organized under the laws of Tennessee and during all pertinent times, Defendant was a party to a collective bargaining agreement requiring payment of contributions to Plaintiffs on behalf of covered employees. Defendant was bound by the provisions of the trust agreements by virtue of which Plaintiffs operate and Defendant was bound by policies promulgated by Plaintiffs about payment of the contributions. As such, Defendant is an employer and a party in interest as those terms are defined in ERISA at 29 U.S.C. §§ 1002(5) and 1002(14)(C).

5) Plaintiffs operate under the provisions of trust agreements which provide that contributions owed by Defendant are an asset of Plaintiffs on the date due. Plaintiffs have established an employer self-reporting payment system whereby participating employers such as Defendant identify those employees for whom contributions are owed, identify the hours and weeks worked by the covered employees, and based upon employee work history reported, the employers submit reports and contributions to Plaintiffs.

6) The trust agreements by virtue of which the Plaintiffs were created and operate along with the terms of 29 C.F.R. 2510.3-102 deem the contributions which are payable to Plaintiffs from Defendant as "assets" of Plaintiffs on the date due.

7) The collective bargaining agreements and trust agreements require prompt payment of all such contributions, failing which a delinquent employer may be assessed with attorney's fees and other fees for late payment, plus interest on unpaid contributions. Plaintiffs operate pursuant to written procedures which authorize the entry of a judgment against an employer for contributions owed to include by mandate of the Court the greater of a doubling of the interest or liquidated damages based upon unpaid contributions in the amount of twenty percent (20%), all as allowed by 29 U.S.C. §§ 1132(g)(2)(C)(i) and (ii).

8) The Multiemployer Pension Plan Amendments Act of 1980, adding 29 U.S.C. §1145 to ERISA, provides that every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of the collective bargaining agreement shall, to the extent not inconsistent with law, make those contributions in accordance with the terms and conditions of such plan or such agreement.

9) Defendant has breached the above-referenced provisions of ERISA, the collective bargaining agreement, and the trust agreements whereby the Plaintiffs were created and operate, such breach occurring by virtue of Defendant having failed to timely submit reports and/or not paying contributions due which employee work histories would indicate should have been paid on the date due.

10) An agent or agents of the Defendant exercise authority and control over money and other property of Defendant including the contributions payable from Defendant to Plaintiffs. The agent or agents failed to cause Defendant to pay contributions to Plaintiffs when the contributions were due and deemed to be an asset of Plaintiffs. Instead, the agent or agents used Plaintiffs' assets for business purposes of Defendant. The agent or agents of Defendant who controlled Plaintiffs' assets were acting as a fiduciary of the Plaintiffs within the meaning of 29 U.S.C. § 1002(21)(A) and failed to discharge fiduciary duties solely in the interest of Plaintiffs' participants and beneficiaries as required by 29 U.S.C. § 1104(a)(1). The agent or agents of Defendant failed to act with the care, skill, prudence and diligence under the circumstances then prevailing, that a prudent person acting in a like capacity and familiar with such matters would use in conduct of an enterprise as required by 29 U.S.C. § 1104(a)(1)(B). Further, the agent or agents of Defendant caused Defendant to enter into a prohibited transaction that they knew or should have known constituted a direct or indirect transfer of Plaintiffs' assets to Defendant in contradiction of 29 U.S.C § 1106(a)(1)(D); and, by dealing with Plaintiffs' assets in the interest of Defendant, the agent or agents of Defendant committed a prohibited transaction in violation of 29 U.S.C. § 1106(b)(2).

11) Despite demand that Defendant perform its statutory and contractual and trust obligations with respect to making contributions and payments to the Plaintiffs, Defendant has neglected and refused to pay the amounts that are due as a consequence of the conduct described herein, and Defendant currently owes an outstanding principal amount without regard to accumulated interest. Defendant owes accumulated interest on the unpaid contribution as a result of its conduct as described herein.

12) The failure of Defendant to pay contributions on behalf of its employees will cause Plaintiffs to suffer irreparable harm; further, employer delinquencies such as those of Defendant affect and impact upon the financial integrity of the Plaintiffs, and the continued delinquency will cause the Plaintiffs to lose the benefit of interest income that it would otherwise earn and will cause the Plaintiffs to incur additional administrative expenses in connection with the remedying of delinquencies of Defendant.

13) Copies of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail in accordance with the provisions of ERISA Section 502(h), 29 U.S.C. § 1132(h).

WHEREFORE, Plaintiffs request the following relief:

(a) After determining the identity of Defendant's agent or agents identified in paragraph 9 above, allow Plaintiffs to name them as additional defendants in this action via Fed. R. Civ. P. 14(a)(3) and seek appropriate equitable and/or legal relief due to their action or inaction.

(b) A permanent injunction enjoining Defendant from violating the provisions of ERISA, the collective bargaining agreement, and the trust agreements requiring timely payment of contributions.

(c) A judgment against Defendant in favor of Plaintiffs for all sums that are owed as of the date of the judgment plus the greater of double interest or single interest plus liquidated damages and all attorney fees and costs incurred in connection with this action.

(d) For such further or different legal or equitable relief as the Court may deem proper or just.

Respectfully submitted,

/R. Jan Jennings
R. Jan Jennings, BPR No. 1536
Karla M. Campbell, BPR No. 27132
Branstetter, Stranch & Jennings, PLLC
223 Rosa L. Parks Avenue, Ste. 200
Nashville, TN   37203
Tel. (615) 254-8801
Email: janj@bsjfirm.com

{005255/19296/00474292.DOCX / Ver.1}